IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| GEORGE RILEY MALLARD, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | Case No. CIV-08-228-R |
| | ) | |
| LEXINGTON CORRECTIONAL | ) | |
| CENTER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## O R D E R

Plaintiff, a state prisoner appearing *pro se*, filed this action pursuant to 28 U.S.C. § 1983, alleging the violation of his constitutional rights with regard to the conditions of his confinement. Pursuant to 28 U.S.C. § 636(b)(1)( B), the matter was referred to United States Magistrate Judge Gary M. Purcell for preliminary review. On March 10, 2008 , Judge Purcell issued a Report and Recommendation, wherein he recommended that the complaint be dismissed upon filing with prejudice for failing to state a claim or as frivolous. The matter is currently before the Court on Plaintiff's timely objection to the Report and Recommendation.

Plaintiff filed this action alleging that a transfer from Lexington Correctional Center to the Joseph Harp Correctional Center violated his constitutional rights. Apparently, Plaintiff was transferred to Joseph Harp for purposes of incarcerating him on the J-Unit, which is designed for inmates who are physically disabled or over fifty-five years old and deemed unfit for being housed in general population. Plaintiff contends that as a result of

the transfer that he lost his job with Oklahoma Correctional Industries and the opportunity to earn credits toward the reduction of his sentence. Judge Purcell recommended that the complaint be dismissed upon filing because: (1) the Constitution does not protect Plaintiff from intra-state transfer during his incarceration; (2) Plaintiff is serving a life sentence and therefore he has no liberty interest in earned credits; (3) Plaintiff has no due process rights with regard to his prison employment; (4) Plaintiff has failed to allege facts to support an equal protection claim; and (5) the Americans with Disabilities Act does not apply in the context of prison "employment." Plaintiff objects to Judge Purcell's Report and Recommendation, and his arguments will be addressed in turn. Arguments not raised in the objection are subject to the firm waiver rule. 28 U.S.C. § 636(b)(1).

Plaintiff argues first that he is entitled to *Ekstrand* credits because he was "grandfathered" into the former credit system of the Department of Corrections. To understand Plaintiff's argument it is necessary to consider the history of the Oklahoma Department of Corrections' system for awarding credits. Under current law, inmates serving time in the custody of the Oklahoma Department of Corrections are subject to a classification level system. Okla. Stat. tit. 57 § 138(A) ("[E]very inmate of a state correctional institution shall have their term of imprisonment reduced monthly, based upon the class level to which they are assigned."). The inmate's level determines the number of credits he may be awarded each month, ranging from zero for level one to forty-four for level four. Okla. Stat. tit. 57 § 138(C)(2). Pay grades and privileges rise for each classification level as well. Oklahoma Department of Corrections' Policy, OP-060107 ¶ II (A)-(D).

The current classification scheme became effective in November 1988. Okla. Stat.

tit. 57 § 138 (1991).  Prior to that time, inmates assigned to work programs earned credits at the rate of one credit for each day of work performed.  *See* Okla. Stat. tit.57 § 138 (1981).  In *Ekstrand. v. State*, 791 P.2d 92 (Okla.Crim.App. 1990), the Oklahoma Court of Criminal Appeals held that application of the "new" classification system to inmates convicted prior to November 1, 1988, could violate the *ex post facto* clause.  As a result, the Department of Corrections' procedures provide that inmates convicted before November 1988, are entitled to "earned credit as it existed under the law during the period beginning September 8, 1976, and ending October 31, 1988, on sentences in which the crime was committed prior to November 1, 1988."  Department of Corrections, OP-060211 ¶ II(E)(6).  Additionally, inmates convicted before 1988 have their credits tabulated monthly under both versions of the statute, and generally an inmate is credited under the system that gives him the most credits.

Plaintiff complains that because he was transferred that he lost his work assignment, and therefore lost the ability to earn credits and had his pay reduced.  Judge Purcell concluded that Petitioner's life sentence renders him ineligible to have his sentence reduced by the application of earned credits, and therefore, Plaintiff cannot establish a due process violation.  This is entirely correct under Okla. Stat. tit. 57 § 138(A).  The fact that inmates serving life sentences are ineligible for reduction of their sentences by virtue of earned credits was made express in 1976.  Okla. Stat. tit. 57 §138 (supp. 1976).  Prior to 1976, the prohibition was implicit in the statute.  *See* Okla. Stat. tit. 57 § 138 (supp. 1973); *Collins v. State of Oklahoma*, No. 95-6099, 1995 WL 405112, *1 (10th Cir. July 10, 1005) (nothing in the 1973 statute created a right to credits against a life term).

Thus, it is apparent to the Court that Plaintiff cannot have earned credits applied to his sentence to reduce the term of his imprisonment. The fact that the Department of Corrections keeps a record of earned credits, to be applied should his sentence be commuted to a term of years, does not create a liberty interest, and Petitioner was not entitled to earn credits or to have credits applied to reduce his sentence. Accordingly, the Report and Recommendation is adopted with regard to this claim.

Plaintiff next complains that the State and its agencies are not entitled to qualified immunity or any other type of immunity. The Court need not address this argument, because Judge Purcell did not rely on qualified immunity or any other category of immunity in recommending that the complaint be dismissed pursuant to 28 U.S.C. § 1915A.

Plaintiff next asserts that his due process rights under the Fourteenth Amendment were violated because he was never afforded a hearing before being relieved from his job at Oklahoma Correctional Industries and being transferred to the Joseph Harp Correctional Center.[1] Plaintiff alleges that he was never given any type of infraction or reason for the transfer. As noted by Judge Purcell the mere fact of transfer to a different correctional facility in Oklahoma does not give rise to a claim for the violation of Plaintiff's constitutional rights. Accordingly, this proposition of error does not require rejection of the Report and Recommendation.

Finally, Plaintiff contends that he had a guaranteed right to protection by the United States Constitution as to an alleged conflict of interest, apparently stemming from the recording of *Ekstrand* credits and the loss of the additional pay that accompanies higher

---

[1] Plaintiff alleges he was subsequently transferred back to Lexington.

classification levels. The Court is unable to decipher the nature of any alleged conflict that would give rise to a claim under 42 U.S.C. § 1983, and thus the Report and Recommendation will not be disturbed based on this argument.

Having conducted a *de novo* review of those portions of the Report and Recommendation to which Plaintiff makes specific objection, the Court concludes that the Report and Recommendation should be adopted in its entirety. Plaintiff's objection to the Report and Recommendation does not raise any meritorious challenge to Judge Purcell's recommendation that the complaint be dismissed upon filing. Accordingly, the complaint is hereby DISMISSED pursuant to 28 U.S.C. § 1915A, for failing to state a claim and as frivolous.

IT IS SO ORDERED this 7th day of May 2008.

/s/ David L. Russell
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE